Filed 6/20/16  P. v. Hernandez CA2/7

**NOT TO BE PUBLISHED IN THE OFFICIAL REPORTS**

California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.

IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

SECOND APPELLATE DISTRICT

DIVISION SEVEN

| | |
|---|---|
| THE PEOPLE, | B265854 |
| Plaintiff and Respondent, | (Los Angeles County Super. Ct. No. KA108331) |
| v. | |
| SILVIO HERNANDEZ, | |
| Defendant and Appellant. | |

APPEAL from a judgment of the Superior Court of Los Angeles County, Salvatore Sirna, Judge.  Affirmed.

Murray A. Rosenberg, under appointment by the Court of Appeal, for Defendant and Appellant.

No appearance for Plaintiff and Respondent.

_____

In May 2015, Silvio Hernandez was charged in an information with one count of felony escape without force or violence from the Julius Klein Conservation Camp (fire camp) (Pen. Code, § 4532, subd. (b)(1)) with special allegations he had suffered one prior serious or violent felony conviction within the meaning of the three strikes law (Pen. Code, §§ 667, subds. (b)-(j), 1170.12, subds.(a)-(d)) and had previously served four separate prison terms for felonies (Pen. Code, § 667.5, sub. (b)).

At his arraignment, Hernandez entered a negotiated plea of no contest to felony escape without force or violence from a fire camp with the agreed sentence to be the lower term of term of 16 months to be served consecutively to the sentence he was serving when he escaped.[1]  At the time he entered his plea, Hernandez was advised of his constitutional rights and the nature and consequences of the plea, which he stated he understood.  Defense counsel joined in the waivers of Hernandez's constitutional rights. The trial court expressly found Hernandez's waivers, plea and admission were voluntary, knowing and intelligent.

The trial court sentenced Hernandez in accordance with the plea agreement and awarded him presentence custody credit of 353 days.  The court ordered Hernandez to pay statutory fines, fees and assessments.  The special allegations were dismissed pursuant to the negotiated agreement.

Hernandez filed a timely notice of appeal in which he checked the preprinted box indicating his appeal was "based on the sentence or other matters occurring after the plea."

We appointed counsel to represent Hernandez on appeal.  After examination of the record counsel filed an opening brief in which no issues were raised.  On November 13, 2015, we advised Hernandez by mail he had 30 days within which to personally submit any contentions or issues he wished us to consider.  On November 24, 2015 the notice

---

[1]     At the time of his escape, Hernandez was serving a state prison term for possession for sale of a controlled substance (Health & Saf. Code, § 11378).

2

was returned by the North Kern State Prison. Handwritten on the envelope were the letters "RB" and "Inactive,"[2] suggesting Hernandez had been released.

Hernandez's notice of appeal included a request for a certificate of probable cause, in which he challenged the 16-month sentence as "illegal," arguing the court should have imposed an eight-month consecutive sentence consisting of one-third the two-year middle term for violating Penal Code section 4532, subdivision (b)(1). Because the record on appeal did not contain a ruling on the request for a certificate of probable cause, we remanded the matter to the trial court for the limited purpose of executing and filing either a certificate of probable cause or an order denying a certificate of probable cause. On February 19, 2016, the trial court denied Hernandez's request for a certificate of probable cause.

A defendant may not, without a certificate of probable cause, contest on appeal an unauthorized sentence prescribed by a plea agreement to which the defendant assented, unless acceptance of the plea agreement exceeds the fundamental jurisdiction of the court. (*People v. Buttram* (2003) 30 Cal.4th 773, 783.) As stated in *People v. Hester* (2000) 22 Cal.4th 290, 295: "The rule that defendants may challenge an unauthorized sentence on appeal even if they failed to object below is itself subject to an exception: Where the defendants have pleaded guilty in return for a *specified* sentence, appellate courts will not find error even though the trial court acted in excess of jurisdiction in reaching that figure, so long as the trial court did not lack *fundamental* jurisdiction. The rationale behind this policy is that defendants who have received the benefit of their bargain should not be allowed to trifle with the courts by attempting to better the bargain through the appellate process."

In this case, the trial court had fundamental jurisdiction, Hernandez knowingly and intelligently negotiated the 16-month sentence as part of his plea agreement in return for

---

**2** When we appointed appellate counsel for Hernandez, we directed Hernandez "to keep the court informed of his/her mailing address at all times. If you move, you MUST notify the clerk of this court immediately; otherwise you may not receive important notices concerning your appeal." Hernandez has not provided any information regarding his current address after his apparent release from the North Kern State Prison.

3

dismissal of prior strike allegation, and the court sentenced him accordingly. No appeal lies.

Finally, with respect to other potential sentencing or post plea issues for which no certificate of probable cause is required because they do not in substance challenge the validity of the plea (Cal. Rules of Court, rule 8.304(b)(4)(B)), we have examined the entire record and are satisfied Hernandez's appellate attorney has fully complied with the responsibilities of counsel and no arguable issue exists. (*Smith v. Robbins* (2000) 528 U.S. 259, 277-284 [120 S.Ct. 746, 145 L.Ed.2d 756]; *People v. Kelly* (2006) 40 Cal.4th 106, 118-119; *People v. Wende* (1979) 25 Cal.3d 436, 441-442.)

## DISPOSITION

The judgment is affirmed.

ZELON, J.

We concur:

PERLUSS, P. J.

SEGAL, J.